ELD-004

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2460
_____

VITO A. PELINO,
                                                    Appellant

v.

JOHN E. WETZEL; ROBERT GILMORE; MICHAEL ZAKEN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-00326)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 23, 2022

Before:  GREENAWAY, JR., KRAUSE, and MATEY, Circuit Judges

(Opinion filed: January 3, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Vito Pelino, an inmate proceeding pro se and in forma pauperis, appeals from the District Court's order denying his post-judgment motion. We will summarily affirm the District Court's judgment.

I.

In March 2020, Pelino initiated this lawsuit challenging a Pennsylvania Department of Corrections ("DOC") mail policy, which he alleged violates the First and Fourteenth Amendments to the United States Constitution. Under the policy, incoming non-privileged mail is sent to a third party, Smart Communications, for electronic scanning, after which inmates receive a photocopy of their mail. Pelino alleged that the policy permits storage of personal mail in an electronic database for a period of seven years. He sought injunctive relief, a declaratory judgment, and court costs.

The District Court granted the defendants' motion to dismiss Pelino's amended complaint in February 2021, and we affirmed. See Pelino v. Wetzel, No. 21-1363, 2022 WL 1239050 (3d Cir. Apr. 27, 2022) (per curiam). Pelino then filed a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b) in the District Court, arguing that he possessed new evidence supporting his contention that the mail policy allows electronic storage of non-privileged inmate mail for seven years, and that the defendants engaged in fraud by asserting that they destroy mail after 45 days. The District Court denied the motion, concluding that it was untimely and without merit. Pelino appeals.

2

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam). We review the District Court's order denying the Rule 60(b) motion for abuse of discretion. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We may affirm on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), if the appeal presents no substantial question, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

Pelino argues that his motion was brought under Rule 60(b)(6), which has no explicit time limit, and that the District Court accordingly erred in concluding that his motion was untimely. However, as Pelino's motion relied on newly discovered evidence and allegations of fraud on the part of the defendants, it is better construed as one brought under Rule 60(b)(2) or 60(b)(3). See Fed. R. Civ. P. 60(b)(2)-(3) (providing that a court may relieve a party from a judgment based on, respectively, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" or "fraud . . . , misrepresentation, or misconduct by an opposing party"). Such motions must be filed "no more than a year after the entry of the judgment or order" at issue. Fed. R. Civ. P. 60(c)(1); see also Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1346 n.5 (3d Cir. 1987) (noting that "[a]n appeal does not toll this time period").

3

Here, the District Court dismissed Pelino's action in February 2021, and Pelino did not file his Rule 60(b) motion until May 2022, several months late. While Pelino is correct that motions under Rule 60(b)(6) are not subject to a one-year limitation, <u>see</u> Fed. R. Civ. P. 60(c)(1), that provision "is available only when Rules 60(b)(1) through (b)(5) are inapplicable," <u>Kemp v. United States</u>, 142 S. Ct. 1856, 1861 (2022), and may not be used "as a means by which the time limitations of 60(b)(1-3) may be circumvented," <u>Stradley v. Cortez</u>, 518 F.2d 488, 493 (3d Cir. 1975). Accordingly, we agree with the District Court that Pelino's motion was untimely.

Even if his motion could be construed as one under Rule 60(b)(6), moreover, Pelino failed to show "extraordinary circumstances" justifying relief. <u>See</u> <u>Budget Blinds</u>, 536 F.3d at 255 (explaining that a showing of extraordinary circumstances involves demonstrating that "without relief from the judgment, an extreme and unexpected hardship will result" (citation and internal quotation marks omitted)). As the District Court noted, Pelino's motion was essentially an effort to re-litigate the merits of his amended complaint. Although he pointed to evidence supporting his contention that electronic copies of non-privileged mail are stored in Smart Communications' database for seven years, we accepted Pelino's allegation to that effect as true in affirming the District Court's order dismissing Pelino's amended complaint. <u>See</u> <u>Pelino</u>, 2022 WL 1239050, at *1-2. Thus, we agree with the District Court that Pelino's motion also lacked merit.

4

Accordingly, we will affirm the judgment of the District Court.