[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12415

Non-Argument Calendar

_____

JEAN JOCELYN MERILIEN,

Plaintiff-Appellant,

*versus*

WARDEN,
Warden, Johnson State Prison,
MS. GRANISON,
Kitchen Manager, Johnson State Prison,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 3:18-cv-00056-DHB-BKE

_____

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Jean Jocelyn Merilien, proceeding *pro se*, appeals the denial of his Federal Rule of Civil Procedure 60(b) motion to vacate the district court's grant of summary judgment in favor of the defendants based on his failure to exhaust his administrative remedies, arguing that the district court should have granted him relief on the basis of newly discovered evidence.

We review denials of motions under Rule 60(b) for abuse of discretion, except that review under Rule 60(b)(4) is *de novo*. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). Abuse of discretion review is narrow, "addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (quotation omitted). In order to prevail, "the losing party . . . must demonstrate a justification for relief so compelling that the district court was required to grant [the] motion." *Id.* (quotation omitted).

Arguments not raised before the district court and arguments not raised in the initial brief are considered forfeited. *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994); *United States v. Campbell*,

21-12415                Opinion of the Court                3

26 F.4th 860, 873 (11th Cir.) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022).  We will not review forfeited issues unless the issue is extraordinary enough to excuse forfeiture and:

> (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern.

*Campbell*, 26 F.4th at 872–73.

Rule 60(b) creates three relevant grounds under which a litigant may move for relief from a final judgment.  Rule 60(b)(2) permits relief when new evidence has been discovered that could not, with reasonable diligence, have been discovered in time to move for a new trial.  Fed. R. Civ. P. 60(b)(2).  Rule 60(b)(4) permits relief when the court lacked jurisdiction or denied the litigant due process.  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).  Rule 60(b)(6) permits relief in extraordinary circumstances not captured by the other Rule 60(b) categories.  *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022).

To be entitled to relief under Rule 60(b)(2), the movant must show that: (1) the evidence is newly discovered; (2) they exercised due diligence in discovering it; (3) the evidence is not cumulative or merely impeaching; (4) the evidence is material; and (5) with the

new evidence the outcome would probably be different. *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003). These requirements must be strictly satisfied. *Id.* For instance, a party has not exercised due diligence when they seek to vacate on the basis of new evidence from a witness whom they knew of but did not seek to depose before summary judgment. *Id.* at 1310.

We may recharacterize a *pro se* litigant's argument in order to match the rule framework to the substance of the argument. *Castro v. United States*, 540 U.S. 375, 381–82 (2003).

We may affirm the district court on any ground supported by the record. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

Here, as an initial matter, Merilien's issues not raised before the district court are forfeited. Arguments he only raised in his reply brief are likewise forfeited. Merilien's issues are not so extraordinary as to justify excusing his forfeiture, so we need not consider the forfeited arguments.

We construe Merilien's argument under Rule 60(b)(2) because he asserts that the state court clerk correspondence is newly discovered evidence. Although he claims that his argument falls under Rules 60(b)(4) and 60(b)(6), those Rules do not correspond to the substance of his argument. Even if his argument were correct, it would not show a lack of jurisdiction or denial of due process, so Rule 60(b)(4) is inapposite. Further, because Rule 60(b)(2) captures the argument's substance, Rule 60(b)(6) is inapposite.

21-12415                 Opinion of the Court                 5

Under Rule 60(b)(2), Merilien did not exercise due diligence in discovering the state court clerk's evidence because the clerk would have known when his filings were received at the time Defendants raised the exhaustion issue in their motion for summary judgment, but Merilien did not seek the clerk's evidence until after summary judgment was granted and his first motion to vacate was denied. Because Merilien did not exercise due diligence, the district court did not abuse its discretion in denying his motion. While the district court did not base its denial on failure to exercise due diligence, we may affirm on any ground supported by the record.

**AFFIRMED.**[1]

---

[1] All pending motion are DENIED.