[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13766

Non-Argument Calendar

_____

LOUIS MATTHEW CLEMENTS,

Plaintiff-Appellant,

*versus*

GOVERNOR OF FLORIDA,
ATTORNEY GENERAL OF FLORIDA,
SECRETARY, DEPARTMENT OF CORRECTIONS,
COMMISSIONER OF THE FDLE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cv-00024-AW-MAF

————————————

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Louis Clements appeals the district court's denial of his amended Fed. R. Civ. P. 60(b) motion for relief from its judgment dismissing his complaint asserting constitutional challenges to Fla. Stat. § 741.0405 and Florida's sex-offender registration requirements, Fla. Stat. §§ 943.0435 and 775.21. Clements argues on appeal that (1) the district court erred by denying his amended Rule 60(b) motion because he erroneously included a broken hyperlink in his pleadings to an article that he claimed supported his claims, and (2) the district court erroneously failed to construe his claims as arising under the Equal Protection Clause, the Ex Post Facto Clause, the Double Jeopardy Clause, and the Eighth Amendment. After careful consideration, we hold that the district court didn't err, so we affirm.[1]

---

[1] We review the denial of a motion for relief from a judgment or order under Rule 60(b) for abuse of discretion. *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012). "That review is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review." *Id.* (quotation marks and citation omitted). "The losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a justification for relief so

Under Rule 60(b), a district court "may relieve a party . . . from a final judgment, order, or proceeding for," among other reasons, "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). The term "mistake" in Rule 60(b)(1) includes legal errors made by judges. *Kemp v. United States*, 596 U.S. 528, 535 (2022). "It is not an abuse of discretion for the district court to deny a motion under Rule 60(b) when that motion is premised upon an argument that the movant could have, but did not, advance before the district court entered judgment." *Maradiaga v. United States*, 679 F.3d 1286, 1294 (11th Cir. 2012). "Nor is it an abuse of discretion for the district court to deny a motion under Rule 60(b) when the judgment or order from which the movant seeks relief was entered as a result of the movant's choice to rely on an unsuccessful legal theory." *Id.*

Here, the district court did not abuse its discretion by denying Clements's amended Rule 60(b) motion. *See Id.* at 1291. The mistakes that Clements asserted warranted relief from the court's judgment included his own mistake in attaching a non-functioning link to an article that he contended had supported his claims in his amended complaint and the court's failure to construe his pro se pleadings to state a variety of different legal theories.[2] As to the

---

compelling that the district court was required to grant the motion." *Id.* (quotation marks and citation omitted and alterations adopted).

[2] We "give liberal construction to the pleadings of *pro se* litigants, [but] we nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks and citation omitted). "[I]ssues not briefed on appeal by a *pro se* litigant are deemed

first alleged mistake, nothing in Rule 60(b) suggests that a plaintiff's own mistake would warrant relief from an adverse judgment. *See* Fed. R. Civ. P. 60(b)(1). Regardless, the relevant article did not include any new information that might have changed the court's analysis regarding whether Clements had standing and whether his amended complaint had failed to state a claim. Specifically, it does not affect the court's conclusions that Clements had no grounds to challenge § 741.0405, a repealed statute, and that his challenges to Florida's sex-offender registration system were foreclosed by precedent of this Court and the Supreme Court.

As to Clements's second argument, while it's true that legal errors made by a judge fit within the definition of "mistake" in Rule 60(b)(1), none of the mistakes that he alleged that the district court committed were legal errors. *Kemp*, 596 U.S. at 535. Although a pro se litigant's pleadings are to be construed liberally, the alternative construction that Clements sought to clarify in his Rule 60(b) motion was not warranted. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Clements's assertion that the district court should have construed his claims as challenges under the Equal Protection Clause, the Ex Post Facto Clause, the Double Jeopardy Clause, and the Eighth Amendment was an attempt to have the district court read into his pleadings claims that he did not state.

---

abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). A claim is abandoned when an appellant "either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

23-13766                Opinion of the Court                5

The only exceptions are his arguments regarding the Equal Protection Clause and the Ex Post Facto Clause because he did explicitly include challenges under those constitutional provisions in his amended complaint, which the court resolved in its dismissal. Clements's construction argument was effectively an attempt to seek Rule 60(b) relief on the ground that the claims that he asserted in his amended complaint were premised on unsuccessful legal theories, which is not a proper ground for relief under Rule 60(b). *Maradiaga*, 679 F.3d at 1294. Furthermore, even if the district court could have construed Clements's claims in the way that he asserted that it should have, that construction would not have affected its legal conclusions that he did not have standing to challenge a repealed law and that his claims were foreclosed by precedent. Lastly, even if Clements's Rule 60(b) arguments had merit, the court's denial of his Rule 60(b) motion would still not be an abuse of discretion because Clements could have brought these arguments before the district court had entered judgment, specifically, in response to the magistrate judge's R&R, which concluded that his constitutional challenges to Florida's sex-offender registry were foreclosed by precedent. *Id.*

As a final matter, Clements has abandoned all other claims that he sought to raise in the section of his brief titled "Statement of Issues Presented for Review" because he did not present arguments or cite to legal authority supporting them. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); Brief of Appellant at 7. Further, this Court has already resolved the merits of Clements's separate appeal from the district court's dismissal of the complaint

itself in Appeal No. 23-11731, and he cannot relitigate those issues anew in this separately docketed appeal simply by incorporating those arguments by reference into his appellate brief in this appeal.

In sum, Clements has failed to "demonstrate a justification for relief so compelling that the district court was required to grant [his] motion." *Maradiaga*, 679 F.3d at 1291 (internal quotation marks omitted). Therefore, the district court didn't err—much less abuse its discretion—in denying his Rule 60(b) motion.

**AFFIRMED.**