**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1767
_____

LARRY JORDAN,
                                        Appellant

v.

STEPHEN BATES, SR. PERSONNEL TECHNICIAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-21-cv-16120)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2024
Before:  KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: December 4, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Larry Jordan appeals pro se from the District Court's April 16, 2024 decision denying his motion filed pursuant to Federal Rule of Civil Procedure 60(b). For the reasons that follow, we will affirm.

I.

In 2021, Jordan filed a complaint in the District Court against Cumberland County personnel technician Stephen Bates. **See ECF 1, 4.** Jordan, a former employee with the County of Cumberland Juvenile Detention Center, alleged that he was improperly removed from a pool of potential employees based on the results of his criminal background check. **See ECF 1 at 8–10.** The District Court dismissed the complaint for failure to state a claim, explaining that Jordan had failed to allege sufficient facts to explain the nature of the claim, let alone Bates' involvement in the alleged misconduct. **See ECF 26 at 4.** The District Court granted leave to amend, and Jordan filed an amended complaint. **See ECF 30, 31.** In December 2022, the District Court dismissed the amended complaint with prejudice, determining that Jordan had failed to include any new allegations. **See ECF 33.** In March 2023, Jordan filed an untimely appeal, which this Court dismissed for lack of jurisdiction. **See ECF 38.**

After his first appeal was dismissed, Jordan moved the District Court for relief under Rule 60(b), claiming that he was denied his Seventh Amendment right to a jury trial. **See ECF 40, 41.** On April 16, 2024, the District Court denied Jordan's motion. **See ECF 43.** Jordan then filed this appeal, challenging that denial. **See ECF 44.**

## II.

We have jurisdiction under 28 U.S.C. § 1291.  Because Jordan's notice of appeal is timely only as to the District Court's April 16, 2024 order denying the Rule 60(b) motion, our jurisdiction is limited to reviewing that order.  We generally review an order denying a Rule 60(b) motion for abuse of discretion.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008).  To the extent that Jordan sought relief under Rule 60(b)(4), our review is plenary.  Id.

## III.

We agree with the District Court's determination that Jordan failed to set forth any grounds for relief under Rule 60(b).  Jordan has argued only that his case merited a jury trial rather than dismissal for failure to state a claim.  This is an argument he could have raised via a timely appeal of the District Court's dismissal order.  See Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (explaining that Rule 60(b) may not be used as a substitute for appeal); see generally Kemp v. United States, 596 U.S. 528, 538 (2022) (declining to define Rule 60(b)'s "reasonable time" standard but noting that Courts of Appeals have used it to deny Rule 60(b) motions alleging errors that could have been raised in a timely appeal).  And, in any event, the Seventh Amendment argument lacks merit.  See, e.g., Haase v. Countrywide Home Loans, Inc., 748 F.3d 624, 631 n.5 (5th Cir. 2014).  Jordan raised no other grounds for relief in his Rule 60(b) motion, let alone grounds that would warrant such relief.

3

Accordingly, we will affirm.