*Ahmed v. Noem*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-five.

PRESENT:
        BARRINGTON D. PARKER,
        RICHARD J. SULLIVAN,
        JOSEPH F. BIANCO,
           *Circuit Judges*.

_____

IFTEKHAR UDDIN AHMED,

        *Plaintiff-Appellant*,

        v.                             No. 24-1260

KRISTI NOEM, Secretary, U.S. Department of Homeland Security, JENNIFER B. HIGGINS, Acting Director, U.S. Citizenship and Immigration Services, GWYNNE DINOLFO, Director, Albany Field Office, U.S. Citizenship and Immigration Services,

*Defendants-Appellees.*[*]

---

**For Plaintiff-Appellant:** IFTEKHAR UDDIN AHMED, *pro se*, Schenectady, NY.

**For Defendants-Appellees:** CHRISTOPHER R. MORAN, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 24, 2024 order of the district court is **AFFIRMED**.

Iftekhar Uddin Ahmed, proceeding *pro se*, appeals from the district court's order denying his motion under Federal Rule of Civil Procedure 60(b) for relief from a final judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of Homeland Security Kristi Noem is automatically substituted for former Secretary Alejandro N. Mayorkas, and Acting Director of U.S. Citizenship and Immigration Services Jennifer B. Higgins is automatically substituted for former Director Ur M. Jaddou.

On March 2, 2023, the district court dismissed Ahmed's amended complaint, in which he sought review of the government's denial of his application for naturalization. Ahmed did not appeal that dismissal, but instead filed a motion for reconsideration under Federal Rule of Civil Procedure 59, which the court denied on April 13, 2023. Ahmed did not appeal that decision either, but instead waited ten months before filing a Rule 60(b) motion on February 15, 2024, which the district court denied on April 24, 2024. Ahmed then filed a timely notice of appeal of that order on May 1, 2024.

Under Rule 60(b), a party may move for relief from a final judgment or order for reasons including (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; or (3) "fraud . . . , misrepresentation, or misconduct by an opposing party." But "[i]n no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal [he] failed to take in a timely fashion." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). We review a district court's denial of a motion for relief from judgment under Rule 60(b) for abuse of discretion. *See Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023). Importantly, an appeal from the denial of a Rule 60(b) motion "brings up for review only the validity of that denial, *not* the merits of the underlying judgment

itself." *Sec. & Exch. Comm'n v. McNulty*, 137 F.3d 732, 741 (2d Cir. 1998) (emphasis added).

In his Rule 60(b) motion, Ahmed primarily argued that the district court misapprehended the law and therefore erred in dismissing his complaint. While "a judge's errors of law" may be the basis for a motion to correct a "mistake" under Rule 60(b)(1), *Kemp v. United States*, 596 U.S. 528, 534 (2022), our caselaw is clear that a motion to correct the district court's mistake pursuant to Rule 60(b)(1) must be brought within the time to appeal the judgment, *see In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003). Under the Federal Rules of Appellate Procedure, when a federal agency is a party, the appellant must file his notice of appeal within sixty days after entry of the judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(B). The district court dismissed Ahmed's complaint for failure to state a claim on March 2, 2023. Ahmed then filed a motion for reconsideration, which tolled the time to file an appeal until the district court ruled on that motion on April 13, 2023. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Accordingly, he had until June 12, 2023 to file his Rule 60(b)(1) motion, but he failed to do so, instead waiting until February 15, 2024. Because Ahmed did not file his Rule 60(b)(1) motion within the relevant

4

time period, it was untimely, and the district court therefore did not err in denying the motion.

To the extent that Ahmed argues that his delay was justified because his challenge was based on newly discovered evidence, *see* Fed. R. Civ. P. 60(b)(2), or fraud, misrepresentation, or misconduct by an opposing party, *see* Fed. R. Civ. P. 60(b)(3), he did not present these arguments to the district court. Even in cases involving *pro se* litigants, "[i]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021) (internal quotation marks omitted). We therefore decline to address Ahmed's arguments under Rule 60(b)(2) or 60(b)(3).

\*   \*   \*

We have considered Ahmed's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5