**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3070
_____

GERALD BUSH,
                                        Appellant

v.

PHILADELPHIA REDEVELOPMENT AUTHORITY; CHRISTI M. JACKSON;
ROBERT LABRUM
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-05659)
District Judge:  Honorable Joshua D. Wolson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2025
Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed April 3, 2025)
_____

OPINION[*]
_____

PER CURIAM

        Gerald Bush appeals the District Court's order denying his motion for leave to file

a complaint.  For the reasons that follow, we will affirm the District Court's order.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

In state and federal court, Bush has repeatedly and unsuccessfully litigated the issue of whether he had an ownership interest in a property. In 2020, we affirmed the District Court's dismissal of his complaint. Bush v. Philadelphia Redevelopment Auth., 822 F. App'x 131, 135 (3d Cir. 2020) (per curiam). Bush continued to file complaints, and, by order entered October 17, 2023, we affirmed an order entered in a separate District Court action that enjoined Bush from filing any civil actions regarding his alleged ownership of the property. See C.A. No. 23-2381.

In October 2024, Bush filed a complaint which the District Court treated as a motion for leave to file. He argued that the injunction and the dismissal of his complaint should be vacated pursuant to Fed. R. Civ. P. 60(b)(6) based on the Supreme Court's decision in Knick v. Twp. of Scott, 588 U.S 180 (2019), a decision issued two months before the August 2019 dismissal of his complaint.[1] The District Court denied the motion, having determined that Bush did not state that the claims were new and did not explain how Knick would provide him a basis to pursue his claims. Bush filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Bush argues that his claims should be allowed to proceed based on Rule 60(b)(6). We review the denial of a motion made pursuant to Rule 60(b)(6) for an

---

[1] In Knick, the Supreme Court held that a property owner may bring a Fifth Amendment takings claim in federal court without first seeking compensation in state court. Knick, 588 U.S. at 185. In affirming the dismissal of Bush's complaint, we determined that his claims were barred by res judicata because Bush could have raised his claims in a state court action he had filed. Bush, 822 F. App'x at 134-35. The Supreme Court's decision in Knick does not undermine our analysis. See Tejas Motel, L.L.C. v. City of Mesquite ex rel. Bd. of Adjustment, 63 F.4th 323, 334 (5th Cir. 2023).

abuse of discretion. <u>Cox v. Horn</u>, 757 F.3d 113, 118 (3d Cir. 2014). A Supreme Court decision issued *before* the judgment at issue does not constitute the extraordinary circumstances needed to receive relief from judgment based on Rule 60(b)(6). <u>Id.</u> at 122 (explaining that litigant seeking relief pursuant to Rule 60(b)(6) must demonstrate extraordinary circumstances). And, to the extent that Bush's motion was based on an alleged mistake of law by the District Court under Rule 60(b)(1), the motion filed in October 2024 was untimely with respect to both the dismissal of the complaint in August 2019 and the entry of the injunction in July 2023. <u>See</u> Fed. R. Civ. P. 60(c)(1) (providing that a motion pursuant to subsection (b)(1) must be made no more than a year after entry of judgment); <u>Kemp v. United States</u>, 596 U.S. 528, 533-34 (2022) (holding that a District Court's legal error falls within the meaning of "mistake" under Rule 60(b)(1)).

Bush also argues that the motion should be treated as one requesting reconsideration pursuant to Fed. R. Civ. P. 59(e) because <u>Knick</u> represents a change in the law. We review the denial of a Rule 59(e) motion to alter or amend the judgment for an abuse of discretion. <u>See</u> <u>Max's Seafood Cafe v. Quinteros</u>, 176 F.3d 669, 673 (3d Cir. 1999). In a motion to alter or amend the judgment, a party must show "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). As noted earlier, the Supreme Court's decision in <u>Knick</u> was issued before the judgment in this case. Moreover, the holding in <u>Knick</u> does not undermine the judgment or the filing injunction. Thus, Bush has not shown an intervening change in the controlling law or a clear error of law.

3

Bush also suggests that the District Court could have reconsidered its order under Fed. R. Civ. P. 54(b). That rule provides that a district court may revise a nonfinal order at any time before a final judgment is entered. Rule 54(b) is not applicable here as the order dismissing the complaint was final.

For the reasons above, the District Court did not abuse its discretion in denying Bush's motion. Accordingly, we will affirm the District Court's decision. Bush's motions are denied.