**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

JASON CHRISTOPHER LUJAN,

    Defendant - Appellant

No. 25-6086
(D.C. Nos. 5:16-CV-00201-M &
5:10-CR-00053-PRW-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Jason Christopher Lujan seeks a certificate of appealability (COA) to appeal from the district court's determination that his purported motion for relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure was in fact an unauthorized second or successive 28 U.S.C. § 2255 motion. *See* § 2255(h) (placing restrictions on second or successive § 2255 motions and requiring circuit court authorization to proceed in district court). We deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2010, Mr. Lujan pleaded guilty to being a felon in possession of a firearm and conspiracy to distribute methamphetamine, marijuana, and cocaine. He was sentenced to 324 months in prison. The sentence was enhanced under the Armed Career Criminal Act. He did not file a direct appeal, but in 2016 he filed a § 2255 motion arguing the district court's enhancement of his sentence under the ACCA was erroneous. The district court denied the motion, and we denied a COA.

Eight years after the denial of his § 2255 motion, Mr. Lujan filed a "Rule 60(b) Motion Request," R. vol. I at 138, in which he argued that changes in controlling law demonstrate the ACCA sentencing enhancement was erroneous. Citing *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006), the district court dismissed the motion because it was not a "true" Rule 60(b) motion but instead an unauthorized second or successive § 2255 motion. Mr. Lujan filed a notice of appeal and now requests a COA to proceed with his appeal.

This matter may not proceed unless we grant a COA, *see* 28 U.S.C. § 2253(c)(1)(B), and we may not do so unless Mr. Lujan "ma[kes] a substantial showing of the denial of a constitutional right," § 2253(c)(2). Because the district court dismissed his Rule 60(b)(6) motion on procedural grounds, he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

In determining whether the district court was correct in its procedural ruling, we look to *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In *Gonzalez*, the Supreme Court held that a Rule 60(b) motion is a second or successive habeas petition if it asserts or reasserts

2

a basis for relief from the petitioner's underlying conviction. *See id.* at 538. Examples include motions "contend[ing] that a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim." *Id.* at 531 (citation and internal quotation marks omitted). Here, Mr. Lujan argues he is entitled to relief from the previous denial of his claim based on a purported change in controlling law—namely, the invalidation of the state statutes supporting the ACCA sentencing enhancement. Thus, under *Gonzalez* the motion is clearly a second or successive § 2255 motion, and no reasonable jurist would debate the district court's procedural determination.

Mr. Lujan contends *Gonzalez* and Tenth Circuit cases relying on it, especially *Spitznas v. Boone*, 464 F.3d 1213, have been abrogated. In support, he points to Justice Sotomayor's concurring opinion in *Kemp v. United States*, 596 U.S. 528 (2022), in which she listed Supreme Court cases indicating Rule 60(b)(6) is available "to reopen a judgment in extraordinary circumstances, including a change in controlling law," *id.* at 540 (Sotomayor, J., concurring). The decision in *Kemp*, however, had nothing to do with how to evaluate whether a Rule 60(b) motion is in fact a second or successive § 2255 motion. Indeed, the motion in *Kemp* clearly was *not* a second or successive § 2255 motion because it asserted the district court had made a legal mistake in a procedural ruling, *see Kemp*, 596 U.S. at 531–32, rather than asserting or reasserting a basis for relief from the previous denial of a claim, *see Gonzalez*, 545 U.S. at 538.

Because Mr. Lujan has not shown that reasonable jurists would find it debatable whether the district court was correct in its ruling that his Rule 60(b)(6)

3

motion was in fact a second or successive § 2255 motion, we deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk