**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2136
_____

HAYRIYE BERIL GOK,
                                        Appellant

v.

THE UNITED STATES OF AMERICA; THE US DEPARTMENT OF JUSTICE;
MERRICK GARLAND, The US Attorney; THE FEDERAL BUREAU OF
INVESTIGATION; CHRISTOPHER ASHER WRAY, The US Director of the Federal
Bureau of Investigation; THE OFFICE OF PENNSYLVANIA ATTORNEY GENERAL;
JOSHUA SHAPIRO, The Pennsylvania Attorney General; LAWRENCE SAMUEL
KRASNER, The District Attorney of Philadelphia; THE OFFICE OF DISTRICT
ATTORNEY PHILADELPHIA COUNTY; DETECTIVE GOMEZ, Private Criminal
Complaint Unit, The Office of the District Attorney of Philadelphia
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-04838)
District Judge: Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 13, 2025

Before: BIBAS, CHUNG, and BOVE, Circuit Judges

(Opinion filed: November 14, 2025)
_____

---

OPINION*

---

PER CURIAM

Hayriye Beril Gok, M.D., filed a complaint against federal, state, and city officials, claiming, inter alia, a conspiracy to kidnap her child, interference with earlier lawsuits, the obstruction of an investigation into her reports of child abuse by the child's father, and bribery that resulted in the award of custody to the child's father and a child support order against her. She serially sought to amend her complaint to add defendants, including Supreme Court Justices and the late Pope Francis, and far-reaching allegations, including many claims of criminal violations (her proposed complaint eventually swelled to more than 1000 pages long).[1]

In April 2024, the District Court dismissed Gok's complaint for lack of subject-matter jurisdiction under the substantiality doctrine. See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (explaining that under the substantiality doctrine, federal courts may dismiss claims that "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion") (internal quotation marks and citations omitted).

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] She also filed other motions, and she took one earlier unsuccessful appeal in this action, see C.A. No. 23-2150.

More than a year later, Gok filed a "Motion for Reopen/amend and/or Reinstatement of her complaints/motions." ECF No. 79. Citing Rules 15, 54(b), 59(e), and 60(b) of the Federal Rules of Civil Procedure, she asked the District Court to reinstate her complaints. In support, she seemed to contend that the language of the rules (which she reprinted) supported her effort. For instance, without further explanation, she stated that she satisfied "all six bases for reconsideration" under Rule 60(b). Id. at 10. She similarly generally argued that she "allege[d] errors of law or fact" and that reconsideration "would prevent manifest injustice." Id. at 12. The District Court denied her motion, explaining in a footnote that her motion was untimely filed under Rule 59(e) and Rule 60(b) and lacked merit under Rules 54(b) and 15. ECF No. 81.

Gok appeals.[2] She argues that the District Court erred in declining to reopen her case and faults the District Court for providing limited reasoning in ruling.[3] She also seeks default judgment because some of the defendants are not participating in the appeal.

We have jurisdiction over the District Court's post-judgment order under 28 U.S.C. § 1291. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986). We review the District Court's order for abuse of discretion. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Cox v. Horn, 757 F.3d

---

[2] We previously denied her motion to expedite this appeal.

[3] In her brief, Gok also appears to challenge the order dismissing her complaint. However, we do not have jurisdiction to consider that challenge because her appeal was not timely filed as to that order. See Fed. R. App. P. 4(a)(1)(A); Bowles v. Russell, 551 U.S. 205, 208-14 (2007).

3

113, 118 (3d Cir. 2014); Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006); Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 318-19 (3d Cir. 2020).

Upon review, we discern no abuse of discretion in the District Court's rejection of Gok's motion.[4] The motion was untimely under Rule 59(e), which sets a time limit of 28 days. See Fed. R. Civ. P. 59(e). It had not been filed "within a reasonable time," as Rule 60 requires. See Fed. R. Civ. P. 60(c)(1) (also setting an outer limit of one year for motions filed under Rule 60(b)(1), (2), and (3)); see also Kemp v. United States, 596 U.S. 528, 533 (2022) (explaining, while quoting Rule 60(c)(1), that all Rule 60(b) motions must be filed "within a reasonable time"); Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959) ("What constitutes a 'reasonable time' . . . is to be decided under the circumstances of each case."). In any event, Gok did not present a basis for reconsideration or reopening with her general assertions that Rules 59 and 60 applied.

Furthermore, Rule 54(b) did not apply where the District Court had already entered a final judgment dismissing her entire complaint for lack of subject matter jurisdiction (and the rule did not otherwise support reconsideration or reopening). Rule 15, which governs amendment, did not provide a basis for reconsideration or reopening. And, even if Gok was seeking leave to amend, justice did not require the District Court to grant her leave to do so, especially at such a late date. See Fed. R. Civ. P. 15(a)(2); Premier Comp Sols., LLC, 970 F.3d at 319.

---

[4] As Gok notes, the District Court did not provide much analysis. But the District Court's reasoning was adequate under the circumstances of the case.

For these reasons, we will affirm the District Court's judgment. Gok's motion for default judgment is denied.