**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 26-10101

Non-Argument Calendar

_____

JOHNNY TEIXEIRA JARDIM,

*Petitioner-Appellee,*

*versus*

BARBARA YAILYN PEREZ PAEZ,

*Respondent-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:25-cv-24087-BB

_____

Before GRANT, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Johnny Jardim petitioned for the return of his two young children to Venezuela under the Hague Convention on the Civil Aspects of International Child Abduction. After a bench trial, the

district court granted the petition and ordered their return.  This is respondent Barbara Paez's appeal.  We affirm.

## I.

Johnny Jardim and Barbara Paez have two young children: MJ (age ten) and EJ (age five).  Both children were born in Venezuela, and until recently, have spent their entire lives there.  But after Jardim and Paez separated in 2024, Paez wanted a fresh start for herself and the children—not in Venezuela but in the United States, where her mother and two sisters reside.

In June 2024, Paez requested (and obtained) Jardim's permission to take the children on a three-month-long summer trip to visit her family in Florida.  But two weeks before they were set to return, Paez texted Jardim: "I'm thinking about staying and giving them a better life here.  Obviously, this decision isn't easy for you, but I would like us to think about giving them a better future, and for you to be able to come visit him every year."  Jardim responded "I'm telling you right now, don't even think about it. You stay, I'll stay with the children."

After Paez refused to return the children to Venezuela, Jardim petitioned a federal court for their return under the Hague Convention on the Civil Aspects of International Child Abduction.  *See* 1343 U.N.T.S. 89; 22 U.S.C. § 9001 *et seq.*  Represented by counsel, Paez conceded that Jardim "established a *prima facie* case in support of his Petition, and would therefore be entitled to the relief sought therein."  Specifically, she did not dispute that the children were habitual residents of Venezuela, and by keeping

them in the United States, she violated Jardim's custody rights. *See Berenguela-Alvarado v. Castanos*, 950 F.3d 1352, 1358 (11th Cir. 2020).

Instead, Paez pleaded four affirmative defenses: (1) Jardim consented or acquiesced to her retention of the children in the United States; (2) Jardim filed his petition more than a year after the retention and the children have become well-settled in their new environment; (3) the children would face a grave risk of harm back in Venezuela; and (4) the oldest child (MJ) has validly consented to the retention. *See* Convention, arts. 12, 13. But Paez soon abandoned the third affirmative defense, conceding that it could not be "established under law" because "there is not clear and convincing evidence that the parties' children would themselves be at 'grave risk of harm' if forced to return to Venezuela." And at the bench trial, Paez only presented evidence relevant to the first, second, and fourth affirmative defenses.

The district court concluded that Paez did not satisfy her burden of proving any of her three affirmative defenses. *See* 22 U.S.C. § 9003(e)(2). On the *first*, the court found that Jardim neither consented to nor acquiesced in Paez's retention of the children in the United States—in fact, he strenuously objected ever since he learned of Paez's intentions to keep them here. On the *second*, the court explained that Jardim filed his petition less than a year after the retention. And on the *fourth*, the court found that Paez did not establish that MJ qualified under the Hague Convention's "mature child" exception. The court then ordered Paez to return the

children to Venezuela no later than January 5, 2026, and closed the case.

Less than a week before the deadline, Paez (through new counsel) asked the district court to schedule another trial so that she could present evidence underlying her third affirmative defense—that the children would face a grave risk of harm at the hands of their abusive father if returned to Venezuela. The court denied the motion on the grounds that Paez already had an opportunity to present evidence of Jardim's alleged abuse yet conceded the factual issue. A few days later, Paez filed another motion challenging the return order. This time, she pointed the finger at her prior counsel, who "should not have stipulated that the evidence therefore did not support [her] third affirmative defense." The court denied that motion as well, explaining that her prior counsel's strategic decision to focus on other issues did not entitle her to relief under Rule 59(e) or Rule 60(b).

Paez filed in this Court a motion for a stay of the order pending appeal. We denied the motion, and Paez has complied with the return order. This is her appeal.

26-10101                Opinion of the Court                5

## II.

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842–43 (11th Cir. 2008).

## III.

Paez does not challenge the district court's conclusion that she failed to meet her burden at trial. Rather, she contends that Rule 60(b) entitles her to another chance at proving her third affirmative defense, despite her earlier concession that she lacked sufficient evidence on that issue.

Paez's request for relief is evaluated under Rule 60(b)(1), which allows the court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1131, 1133 (11th Cir. 1986) (quoting Fed. R. Civ. P. 60(b)(1)). As a general matter, especially in civil cases, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). Paez's prior counsel made the strategic decision to prioritize certain issues over others, based on his understanding of the relevant facts and the applicable law. Whether that was the right call—we cannot say. But this much is clear: Paez "voluntarily chose this attorney as [her] representative in the action," and "cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Id.* at 397 (quotation omitted); *see also Clemons v. Comm'r, Ala. Dep't of Corr.*, 967 F.3d 1231, 1242 (11th Cir. 2020).

"An affirmative defense, once forfeited, is excluded from the case." *Wood v. Milyard*, 566 U.S. 463, 470 (2012) (alteration adopted and quotation omitted). The district court proceeded on that basis, and entered final judgment after deciding the disputed issues at trial. Because a "Rule 60(b) motion threatens an already final judgment with successive litigation," courts do not grant such motions lightly. *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 215 (2025) (alteration adopted and quotation omitted). Here, the prior counsel's failure to preserve and present evidence of a particular affirmative defense does not rise to the sort of "mistake, inadvertence, surprise, or excusable neglect" contemplated by Rule 60(b)(1). *See* 11 Wright & Miller's *Federal Practice & Procedure* § 2858 (3d ed. 2025) ("A defeated litigant cannot set aside a judgment because of the failure to interpose a defense that could have been presented at trial.").[1]

★    ★    ★

We **AFFIRM.**

---

[1] As a backup, Paez asks us to revisit *Solaroll* and apply Rule 60(b)(6)'s catchall provision instead. But that precedent "is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Even on its own terms, Paez's argument that Rule 60(b)(6) applies to her claim of "attorney negligence" and "mistake" strikes us as unpersuasive. It violates "a cardinal principle of statutory construction by making the preceding paragraphs and their limitations periods superfluous." *BLOM Bank SAL*, 605 U.S. at 211 (quotation omitted) ("Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs."); *see also Kemp v. United States*, 596 U.S. 528, 533 (2022).