# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 23-1306

JAFARNIA WILLIAMS, a/k/a Jeff Schirone Williams,
Appellant

v.

SUPERINTENDENT ROCKVIEW SCI;
ATTORNEY GENERAL OF PENNSYLVANIA

_____

On Appeal from the U.S. District Court, W.D. Pa.
Judge David S. Cercone, No. 2:13-cv-01171

Before: RESTREPO, BIBAS, and FISHER, *Circuit Judges*
Argued: Apr. 20, 2026; Filed: June 15, 2026

_____

OPINION OF THE COURT

BIBAS, *Circuit Judge*. The writ of habeas corpus is an exception to ordinary rules of finality; it gives prisoners a second bite at the apple. Rule 60(b) motions for relief from judgment do the same. When a prisoner tries to use that Rule to reopen a habeas petition, courts must be careful lest there be no apple left.

Jafarnia Williams has tried to file successive habeas petitions many times over. Years later, after those efforts failed, he turned to Federal Rule of Civil Procedure 60(b) to reopen those claims. But Rule 60(b)(1) has a one-year time limit, and Rule

60(b)(6) requires him to show extreme or unusual hardship from extraordinary circumstances. Because he has not met that demanding standard, we will AFFIRM the denial of his motion to reopen.

## I. WILLIAMS'S REPEATED COLLATERAL ATTACKS

In 2007, Jafarnia Williams was convicted of kidnapping, corruption of a minor, and several drug crimes. He was sentenced to fifteen to thirty years in Pennsylvania state prison, with some credit for time served on other crimes.

Williams thought he deserved more time-served credit. So, after exhausting his ordinary appeals, he embarked on an odyssey through Pennsylvania and federal collateral review. First, he filed a federal habeas petition, which was dismissed without a certificate of appealability. Then he petitioned under Pennsylvania's Post-Conviction Relief Act (PCRA). The Commonwealth's lawyer conceded that if Williams's view of the facts was right, "he would be entitled to" more credit against his sentence. App. 57. So the Superior Court remanded for a hearing "to determine whether or not he would be entitled to that credit time for [the] sentence." App. 55–56.

On remand, the Court of Common Pleas partly agreed with Williams. The court was "not satisfied that three months and twelve days" that Williams was owed had, in fact, been credited. App. 78. So it issued a document titled "SENTENCE MODIFIED 6-26-13 FOR TIME CREDIT," providing that Williams "is hereby sentenced by this Court as follows" and resentencing him on all counts, listing the days for which he "shall receive credit for time served." App. 88–89. Williams appealed his new sentence, seeking still more time-served

2

credit. But the Superior Court affirmed his "current sentence." App. 288. Though it rejected Williams's "incorrect premise" that he was "legally entitled to *any* credit for time served on his prior sentence," it declined to disrupt the lower court's ruling crediting him with three months and twelve days. App. 287–88 (emphasis in original). So Williams filed another PCRA petition challenging his 2013 sentence; that was denied and then affirmed on the merits.

Also in 2013, Williams filed another federal habeas petition challenging his convictions and a sentence enhancement, but *not* his time-served credits. That petition underlies the motion that is before us today. Williams argued that his 2013 sentence was a "new judgment," so his second-in-time federal habeas petition challenging it was not barred as second or successive under 28 U.S.C. § 2244(b). App. 1551 (relying on *Magwood v. Patterson*, 561 U.S. 320 (2010)). A magistrate judge disagreed, viewing the updated sentence not as a true resentencing but rather a "modification … somewhat akin to correction of a clerical error in a judgment." App. 1557. The magistrate recommended dismissing the petition as second or successive, and the District Court did so.

Williams did not ask our Court to review that decision. Instead, he twice asked our Court for leave to file another second or successive petition, filed a third federal habeas petition, and applied for a certificate of appealability regarding his third petition; all were denied.

In 2022, eight years after his 2013 federal habeas petition was dismissed as second or successive, Williams moved to reopen that dismissal under Federal Rule of Civil Procedure

3

60(b)(1), rehashing his earlier claim that the judge had "mistakenly" refused to treat his 2013 resentencing as a new judgment under *Magwood v. Patterson*, 561 U.S. 320 (2010). App. 1564. But (b)(1) has a one-year time limit, dooming his claim. *See* R. 60(c)(1). So the magistrate judge charitably recharacterized his motion as under (b)(6)'s catchall for "any other reason that justifies relief," which has a more forgiving time limit. R. 60(b)(6), (c)(1). Then the magistrate judge concluded, and the District Court agreed, that the 2013 resentencing was not a new sentence because it did not affect the legality of the original one. We granted a certificate of appealability.

## II. OUR NEW PROCEDURAL RULING IS NOT ENOUGH TO REOPEN THE CASE

Rule 60(b) is a narrow exception to finality. It lets a party move for relief from a judgment based on five enumerated grounds: mistake, new evidence, fraud, voidness, or satisfaction of the judgment. R. 60(b)(1)–(5). If none of those categories fits, there is an equitable catchall at the end of the Rule: "any other reason that justifies relief." R. 60(b)(6). Instead of the one-year time limit for motions based on the first three grounds, 60(b)(6) motions need only "be made within a reasonable time." R. 60(c)(1). We review the denial of a 60(b) motion for abuse of discretion. *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014).

In 2010, before Williams's latest sentence, the Supreme Court ruled that a resentencing on all counts generates a new judgment. So even if the defendant challenged the prior judgment in a federal habeas petition, a new habeas petition challenging the new judgment does not count as second or

4

successive. *Magwood*, 561 U.S. at 341–42. Four years ago, our Court applied *Magwood*, holding that a renewed habeas petition after resentencing does not count as a second or successive challenge to any of the convictions for which he was resentenced. *Lesko v. Sec'y, Pa. Dep't of Corr.*, 34 F.4th 211, 225 (3d Cir. 2022). Williams claims that this holding qualifies as a "reason that justifies relief," casting his sentence adjustment as akin to a *Magwood* resentencing. R. 60(b)(6). But our new procedural decision alone does not warrant 60(b) reopening, and there is no need to remand.

### A. A change in case law alone is not enough of an extraordinary circumstance to warrant reopening

Because Rule 60(b) is an exception to the ordinary finality of judgments, we police its bounds with care. Its first five categories specify substantive requirements, and its first three are cabined by a one-year time limit.

To get around those subject-matter and time limits, litigants are tempted to invoke Rule 60(b)(6)'s catchall. But catchalls are not unlimited—they are cabined by a couple of interpretive canons. First, there is the *ejusdem generis* canon: After the list of specifics, the catchall implicitly requires circumstances similar to those listed. Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 199 (2012). Second, there is the presumption against superfluity. *Id.* at 174. Reading 60(b)(6) broadly would swallow up (b)(1) through (5) and gut the one-year time limit where it applies (in subparts (1)–(3)). Rather than redundant, "[t]hese provisions are mutually exclusive." *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993). In other words, (b)(6) applies only if (b)(1) through

5

(5) would not. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). Likewise, the (b)(6) catchall cannot be used to bring claims that belong under other parts of the federal rules. One cannot "repackage tardy Rule 59(e) motions [to alter or amend a judgment] based on legal errors." *Kemp v. United States*, 596 U.S. 528, 538 (2022). Nor can one use (b)(6) to cover a motion that "is in substance a successive habeas petition." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

The upshot is that "Rule 60(b)(6) is available only in narrow circumstances"; its standard is "stringent" and "very strict." *BLOM Bank SAL*, 605 U.S. at 211, 213, 214. To prevail, the movant must show "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993).

Rule 60(b)(6) is "equitable and case-dependent." *Cox*, 757 F.3d at 115. To apply it, "a district court must consider the full measure of any properly presented facts and circumstances attendant to the movant's request." *Id.* at 122. Relevant factors may include the type and effect of any change in law, the merits of the underlying claim for relief, the age of the conviction, the movant's diligence, the movant's actual innocence, and the existence of a death sentence. *Id.* at 124–26; *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 164 (3d Cir. 2017) (innocence).

We have acknowledged that a change in law may be one such factor. *Cox*, 757 F.3d at 124; *Satterfield*, 872 F.3d at 161. Even though a change in law is relevant, the Supreme Court has left open whether such a change, unaccompanied by other equitable factors, can justify 60(b)(6) relief on its own. *See*

6

*Polites v. United States*, 364 U.S. 426, 433 (1960); *see also Kemp*, 596 U.S. at 540 (Sotomayor, J., concurring). Yet we have never held that a change in law, without other supporting equitable factors, sufficed. *See Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 296–97 (3d Cir. 2021) (remanding in part because habeas court had denied movant's request to hold hearing and develop record and had refused to consider underlying merits at all); *Cox*, 757 F.3d at 126 (remanding in part to consider death sentence and merits); *Satterfield*, 872 F.3d at 162 (remanding in part to consider meritorious claim). Indeed, we have stressed "that intervening changes in the law *rarely* justify relief from final judgments under 60(b)(6)." *Cox*, 757 F.3d at 121 (emphasis in original). That is on top of the reality that extraordinary "circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

New procedural rules rarely apply retroactively in criminal (or habeas) cases. They do so only in narrow circumstances. Sometimes, a new rule creates a right to engage in "private individual conduct," placing that conduct beyond the reach of criminal law. *Teague v. Lane*, 489 U.S. 288, 307 (1989) (plurality opinion); *see also Edwards v. Vannoy*, 593 U.S. 255, 272 (2021); 28 U.S.C. § 2244(b)(2)(A) (new constitutional rules made retroactive by the Supreme Court). When that happens, the retroactivity bar falls away. And the ordinary rule for civil cases is that new decisions apply only to pending cases, not closed ones. *See Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758–59 (1995).

Though Rule 60(b)(6) opens a wee crack in that rule against retroactivity, it does not license an end-run around it. Similarly, the First Step Act's compassionate-release provision requires

7

"extraordinary and compelling reasons" for a reduced sentence. 18 U.S.C. § 3582(c)(1)(A)(i). There, as here, "extraordinary" is "not so flexible as to encompass any consideration." *Rutherford v. United States*, 608 U.S. ___, 146 S. Ct. 1320, 1332 (2026). For instance, a nonretroactive change in sentencing law does not warrant compassionate release. *Id.* at 1331. So too, an actual-innocence argument is not an extraordinary and compelling reason to reduce a sentence, but is reserved for habeas corpus. *Fernandez v. United States*, 608 U.S. ___, 146 S. Ct. 1292, 1304 (2026); *see Gonzalez*, 545 U.S. at 531 (holding that it is improper to use a Rule 60(b)(6) motion to request relief that is "in substance" or "at least similar enough" to a habeas petition).

We have previously held, over a dissent, that a new decision can count as *one* factor supporting a petitioner's showing of "extraordinary circumstances" even if it falls outside the narrow retroactivity exception. *Bracey*, 986 F.3d at 295 & n.18. But it cannot suffice as *the* dispositive factor, amounting to extraordinary circumstances all on its own, unless it falls within a retroactivity exception. Rather, a Rule 60(b)(6) movant must show that the new precedent is "accompanied by appropriate equitable circumstances" that collectively rise to that demanding standard. *Satterfield*, 872 F.3d at 161.

### B. Unless the movant proffers supporting facts, no remand is required

Instead of weighing the equitable *Cox* factors, the District Court jumped straight to the meat of Williams's *Lesko* argument against finding his petition was barred as second or successive. And the magistrate judge merely gestured at them.

Neither addressed whether there were "extraordinary circumstances" or "extreme and unexpected hardship." *Sawka*, 989 F.2d at 140. Often, if a district court fails to weigh the *Cox* factors, we will remand to let it exercise its equitable discretion in the first instance. *Bracey*, 986 F.3d at 296; *Cox*, 757 F.3d at 124. Yet "we may affirm the judgment on any grounds supported by the record, including those not reached by the District Court." *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 309 (3d Cir. 2020). We will do so "if we can determine from the record on appeal that a petitioner cannot show extraordinary circumstances as a matter of law." *Bracey*, 986 F.3d at 296.

Williams, "of course, bears the burden of establishing entitlement to such equitable relief" by "properly present[ing] facts and circumstances attendant to [his] request." *Cox*, 757 F.3d at 122. He has not done so. His motion never mentions any hardship, let alone extreme or unexpected ones. Nor did his habeas petition or brief before this Court.

Nor does Williams cite any extraordinary circumstances favoring relief. He does not press "a new constitutional rule or right for criminal defendants" like those that trigger retroactivity. *Id.* at 124; *see also Bracey*, 986 F.3d at 296 (emphasizing "the constitutional nature of that change in law"). He merely claims a right to petition for a writ of habeas corpus under §2244(b), relying on the Supreme Court's interpretation in *Magwood* and our holding in *Lesko*. But, as in *Gonzalez*, it is "hardly extraordinary" that a court "arrived at a different [statutory] interpretation." 545 U.S. at 536.

Plus, Williams offered scant argument that he is likely to succeed on the merits of his habeas claims or the balance of

9

equitable factors. *See Cox*, 757 F.3d at 124. The claims he wants to revive do *not* challenge his good-time credits. Rather, five of the six claims in his habeas petition recycle challenges to his underlying conviction that were already considered and denied on the merits. The sixth claim, the only one that even touches innocence, goes not to his underlying conviction but to a prior 1991 conviction that was used to enhance his 2013 sentence. But convicts "generally may not challenge [an] enhanced sentence through a petition under §2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 404 (2001). In any event, Williams did not address the merits of any of his claims in his 60(b) motion, unlike in *Bracey*. Finally, he never explained his lack of diligence or showed a death sentence. *See Cox*, 757 F.3d at 125–26.

To be sure, Williams addressed some of the *Cox* factors on appeal. But he did not raise them in his motion. And it is the motion that matters, for "pro se litigants still must allege sufficient facts … to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (discussing Rule 12(b)(6)). Without any "properly presented facts and circumstances," the District Court has nothing to "liberally construe." *Cox*, 757 F.3d at 122 (first quotation); *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (second quotation). Thus, this is the rare case where remand would be futile. *See Bracey*, 986 F.3d at 296–97 & n.19.

Williams filed his motion under Rule 60(b)(1). And that is exactly what it was—a claim of "mistake" due to a new procedural application of an old Supreme Court case, but an untimely

10

one. Though the District Court acted out of an admirable solicitude for pro se litigants, construing his pro se habeas petition liberally, courts should not recharacterize such petitions as falling under 60(b)(6). Williams's petition alleged no exceptional circumstances or extraordinary hardship. His only argument is that the District Court got its *Magwood* analysis wrong, and that *Lesko* confirmed its wrongness. It is simply a procedural hook to seek reopening. Under 60(b)(6), that is insufficient as a matter of law.

\* \* \* \* \*

Williams has had many bites at the apple. Because he did not properly present any facts showing extraordinary circumstances or extreme and unusual hardship, there is no need to remand. The District Court properly denied his Rule 60(b) motion to reopen the denial of his habeas petition; we will AFFIRM.

*Counsel for Appellant*

Samuel G. Saylor          [Argued]
OFFICE OF FEDERAL PUBLIC DEFENDER

*Counsel for Appellee*

Rusheen R. Petti          [Argued]
ALLEGHENY COUNTY OFFICE OF THE DISTRICT ATTORNEY